UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MESRURE SEKENDUR,<br><br>   Plaintiff,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | No. 2:14-cv-00121 RSM<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE |

This matter comes before the Court on Motion for Dismissal without Prejudice by Plaintiff Mesrure Sekendur. Dkt. # 8. Plaintiff seeks to voluntarily dismiss her lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(2) in order to litigate her claims in a different venue. Defendant does not oppose the relief sought by Plaintiff but "leaves it to the Court's discretion to determine whether to impose terms on the dismissal." Dkt. # 9, p. 3.

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant serves either an answer or motion for summary judgment, and absent stipulation of dismissal by the parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Legal prejudice

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE - 1

means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 97. Prejudice does not exist simply because a suit remains unresolved. *Id.* Nor does it exist on account of the prospect that defendant will face a second lawsuit, where the plaintiff stands to gain a tactical advantage, or due to trial preparations or substantial expense incurred by the defendant. *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982).

Defendant does not explicitly contend that it will be prejudiced should the Court grant the relief requested by Plaintiff. Rather, Defendant alerts the Court that Plaintiff pursued this action for seven months while her son pursued a motion seeking identical relief before the Northern District of Illinois. *See* Dkt. # 9. Defendant is accordingly "concerned by the fact that Mrs. Sekendur and her son have already wasted judicial resources by simultaneously seeking the same relief in this Court and the [Northern District of Illinois], respectively." *Id.* at p. 3.

Defendant's concern is not sufficient to warrant denial of Plaintiff's motion or the imposition of conditions. Neither this Court nor the Northern District of Illinois has reached the merits of Plaintiff's claim, *see* Dkt. # 10, Ex. 3, and Defendant does not face the loss of a statute-of-limitations defense, a federal forum, or some other legal interest which could amount to legal prejudice. *See Westlands*, 100 F.3d at 97. While the Court may condition dismissal on payment of appropriate costs and fees, *id.*, the fact that no discovery and no motions practice has yet been undertaken in this proceeding militates against the imposition of such conditions. *Cf. Mitchell-Jones v. Menzies Aviation, Inc.*, 2011 WL 3273221 (W.D. Wash. 2011) (conditioning voluntary dismissal where the matter had been pending for more than a year and the parties had pursued considerable discovery and motions practice). Further, Defendant has not shown that any work involved in defending against this suit could not be used in any future litigation of the dismissed claims. *See Westlands*, 100 F.3d at 97 (cautioning that "defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims").

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE - 2

Accordingly, for the above-stated reasons, the Court hereby ORDERS that Plaintiff's Motion for Dismissal without Prejudice (Dkt. # 8) is GRANTED. This action is dismissed without prejudice and without imposition of conditions.

DATED this 2 day of December 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE - 3